UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Herron, | ) C/A No. 4:11-1377-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| | ) |
| Horry County, South Carolina; J. Reuben Long Detention | ) |
| Center; Tom Rice; Harold Worley; Brent Schultz; | ) |
| Marion Foxworth; Gary Loftus; Paul Prince; | ) |
| Bob Grabowski; James Frazier; Carl Schwartzkopf; | ) |
| W. Paul Prince; Jody Prince; Al Allen; Deborah Hipp; | ) |
| and Phillip Thompson, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff Joseph Herron ("Plaintiff"), a pretrial detainee housed at J. Reuben Long Detention

Center in Conway, South Carolina, files this case pursuant to 42 U.S.C. § 1983.[1]  The defendant J.

Reuben Long Detention Center is not a "person" for purposes of § 1983.   It is therefore

recommended that the defendant detention center be summarily dismissed from this case.

### *Pro Se* and *in Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

§ 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This

review has been conducted in light of the following precedents:  *Denton v. Hernandez,* 504 U.S. 25

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972);

*Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*,

---

[1]  Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

712 F.2d 70 (4th Cir. 1983).

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978)*; Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. at 5. Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995)

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

2

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because it is well settled that only "persons" may act under color of state law, a defendant in a § 1983 action must qualify as a "person." The defendant J. Ruben Long Detention Center is a department, group of buildings, or a facility. "[P]laintiffs seeking redress for federal constitutional violations by persons acting under color of state law . . . may not sue inanimate buildings such as jails or detention facilities. *See, e.g., Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ('Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit')." *Dudley v. Food Service-Just Care*, 519 F.Supp.2d 602, 604 (D.S.C. 2007). *See also Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir.1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Draeger v. Grand Central, Inc.*, 504 F.2d 142, 146 (10th Cir.1974) (department store not a person for § 1983 suit purposes); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983.").

Recommendation

Accordingly, it is recommended that the District Court dismiss the case against defendant J. Reuben Long Detention Center *without prejudice* and without issuance and service of process.

3

*See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 23, 2011
Florence, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).