UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joseph Herron, | ) C/A No. 4:11-1377-TLW-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Horry County, South Carolina; Center; Tom Rice; Harold Worley; Brent Schultz; Marion Foxworth; Gary Loftus; Paul Prince; Bob Grabowski; James Frazier; Carl Schwartzkopf; W. Paul Prince; Jody Prince; Al Allen; Deborah Hipp; and Phillip Thompson, | ) |
| Defendants. | ) |

Plaintiff Joseph Herron ("Plaintiff") filed this case pursuant to 42 U.S.C. § 1983[1] on June 6, 2011. Defendants filed a motion for summary judgment on May 3, 2012. On May 7, 2012, Plaintiff filed a notice of change of address and a motion to stay the case requesting that the case be stayed for 150 days due to his relocation to the Kirkland R & E Center and his alleged limited access to the "material necessary to proceed in an effective manner." (Doc. # 89). Because Plaintiff is proceeding pro se, he was advised on or about May 29, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the procedure for motion for summary judgment and the possible consequences if he failed to respond adequately. On June 7, 2012, the Court entered an order granting in part and denying in part Plaintiff's motion to stay. The motion was granted to the extent Plaintiff was given until August 1, 2012, to file his response to the motion for summary judgment or his case may be

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

dismissed for failure to prosecute, pursuant to Rule 41b of the Federal Rules of Civil Procedure. (Doc. # 94). Plaintiff has failed to file a response.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion for summary judgment or the Court's orders requiring him to respond. The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears there are no less drastic sanctions available. Accordingly, it is recommended that this action dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## **CONCLUSION**

As set out above, a review of the record indicates that the Plaintiff's complaint should be

dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

It is FURTHER RECOMMENDED that any other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Florence, South Carolina
August 27, 2012

**The parties' attention is directed to the important information on the attached notice.**