IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Herron, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 4:11-1377-TLW-TER |
| ) | |
| Horry County, South Carolina, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On June 6, 2011, the Plaintiff, Joseph Herron ("Plaintiff"), proceeding *pro se*, filed this civil action alleging violation of 42 U.S.C. § 1983. (Docs. # 1 and # 2).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. # 101). Objections were due by September 13, 2012. Plaintiff filed an Objection on September 20, 2012, in which he seeks to excuse his failures to timely communicate with the Court on the basis of an address change and change in the site of his incarceration. (Doc. # 105). Plaintiff also petitions the Court for leave to amend his complaint, or alternatively, for an additional twenty (20) days to respond to Defendants' Motion for Summary Judgment. (Docs. # 105 and # 106). In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is

>required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
>Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court declines to accept the Report at this time. (Doc. # 101). The Court hereby directs the Plaintiff to file a response to the Defendants' Motion for Summary Judgment within thirty (30) days of the date of this Order. If the Plaintiff fails to respond within the above allotted time, this case is to be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and all pending motions are to be terminated as moot, as recommended by the Magistrate Judge. If the Plaintiff does timely respond, the Clerk of Court is to refer the Defendants' Motion for Summary Judgment at Docket Entry # 87 (as well as all other pending dispositive and non-dispositive motions) to the Magistrate Judge for handling on the merits.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

October 2, 2012
Florence, South Carolina